UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHANNING CROWLEY,

        Plaintiff,

v.                            Case No. 3:21-cv-00395-BJD-JBT

JACKSONVILLE SHERIFF'S
OFFICE,

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Channing Crowley, a pretrial detainee, initiated this action in the Fourth Judicial Circuit in and for Duval County, Florida, by filing a "[n]otice of intent to file a civil lawsuit claim against the Jacksonville Sheriff [sic] Office Department" (Doc. 3). The Office of General Counsel, on behalf of the City, removed the action to this Court because Plaintiff alleges his constitutional rights were violated. See Notice of Removal (Doc. 1). Upon removal, the Court directed Plaintiff to submit an amended complaint using the Court-approved form. See Order (Doc. 4). Plaintiff has complied (Doc. 5; Am. Compl.), and his amended complaint is before the Court for screening.

In his amended complaint, Plaintiff alleges he contracted COVID-19 from "a fingerprint examiner [while] being fingerprinted." See Am. Compl. at

5. Plaintiff says he received medical treatment but asserts the Jacksonville Sheriff's Office (JSO) was negligent and deprived him of adequate housing in violation of the Eighth and Fourteenth Amendments.[1] Id. at 4, 5. As relief, he seeks compensatory damages. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to review a civil complaint filed by "any person incarcerated or detained" who seeks "redress from a governmental entity." 28 U.S.C. § 1915A(a). If an inmate "fails to state a claim upon which relief may be granted," the court "shall . . . dismiss the complaint." 28 U.S.C. § 1915A(b). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). A court must liberally construe a pro se plaintiff's allegations, Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011), but need not serve as his attorney, Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x

696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). <u>See also</u> <u>Monroe v. Charlotte Cnty. Jail</u>, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir. 2008). <u>See also</u> <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" <u>Woodford v. Ngo</u>, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," <u>Pavao v. Sims</u>, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing <u>Jones</u>, 549 U.S. at 211).

Inmates are not required to "specially plead or demonstrate exhaustion in their complaints." <u>See</u> <u>Jones</u>, 549 U.S. at 216. Nevertheless, when an inmate's failure to exhaust administrative remedies is apparent on the face of the complaint, a district court may dismiss the complaint under the PLRA. <u>Bingham</u>, 654 F.3d at 1175 ("A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint."). <u>See</u>

also <u>Okpala v. Drew</u>, 248 F. App'x 72, 73 (11th Cir. 2007) (holding the district court properly dismissed the plaintiff's complaint under 28 U.S.C. § 1915A because the plaintiff's failure to exhaust administrative remedies was clear "from the face of the complaint").

Plaintiff's complaint is subject to dismissal for two reasons. First, Plaintiff fails to state a plausible claim for relief because he names as the sole Defendant an entity not amenable to suit under § 1983. Even had Plaintiff named an employee of the JSO as a Defendant, his claim still would fail because he alleges no facts permitting the reasonable inference his constitutional rights were infringed. Plaintiff only complains the housing conditions at the jail were inadequate, and he contracted COVID-19 from an employee. These allegations at most suggest prison officials may have been negligent. Plaintiff does not allege, for instance, the JSO employee who fingerprinted him intentionally or knowingly transmitted the virus or was deliberately indifferent to his health or safety. <u>See</u> Am. Compl. at 5.

The Eleventh Circuit has emphasized that "deliberate indifference is <u>not</u> a constitutionalized version of common-law negligence." <u>Swain v. Junior</u>, 961 F.3d 1276, 1287 (11th Cir. 2020). Thus, the inability to control the spread of a contagious, deadly virus inside a jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions

to address the risk, "even if the harm ultimately [was] not averted." <u>Id.</u> at 1298-88. <u>See also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991) ("To be cruel and unusual punishment, conduct … must involve more than ordinary lack of due care for the prisoner's interests or safety." (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986))).

Second, Plaintiff concedes he did not "file a grievance in the jail . . . concerning the facts relating to [his] complaint," claiming he "had no knowledge that [there] was a grievance process." <u>See</u> Am. Compl. at 7, 8. As such, it is evident from the face of the complaint that Plaintiff did not exhaust administrative remedies.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Channing Crowley
Counsel of Record